UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICTORIA JARMAN,

    Petitioner,

v.                                              Case No. 8:24-cv-350-WFJ-TGW

STATE OF FLORIDA,

    Respondent.
_____/

## ORDER

Victoria Jarman, a pretrial detainee at the Falkenburg Road Jail, initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 3). Ms. Jarman is detained pending a state criminal prosecution for failure to appear. (*Id.* at 1). She alleges that (1) "jail staff violated [her] attorney/client privilege and interfered with [her] cases," (2) she is "innocent" because the "circumstances surrounding why [she] got a[] [failure to appear] were beyond [her] control," and (3) she has been held at the Falkenburg Road Jail for "7+ months for no lawful reason." (*Id.* at 2-5). As relief, Ms. Jarman asks this Court to "order [her] release" so that she can "successfully bring closure to [her] cases." (*Id.* at 3, 6).

As a state pretrial detainee, Ms. Jarman may challenge the constitutionality of her confinement by petitioning for a writ of habeas corpus under § 2241. *See, e.g., Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003) (explaining that a pretrial detainee in state court should file a § 2241 petition, not a § 2254 petition); *Stacey v. Warden, Apalachee*

*Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) (similar). But Ms. Jarman's petition must be dismissed without prejudice because intervention in her state-court proceeding is not warranted at this juncture.

"When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the '*Younger* abstention hurdles' before the federal courts can grant such relief." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004) (referring to the abstention doctrine that the Supreme Court articulated in *Younger v. Harris*, 401 U.S. 37 (1971)). And except in "extraordinary circumstances," a federal court should "abstain from deciding issues implicated in an ongoing criminal proceeding in state court." *Thompson v. Wainwright*, 714 F.2d 1495, 1503 (11th Cir. 1983); *see also Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1250 (11th Cir. 2009).

*Younger* identified those "exceptional circumstances" as follows: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Hughes*, 377 F.3d at 1263 n.6.

Ms. Jarman's petition does not plausibly allege facts to support a finding under any of the three *Younger* exceptions. *See, e.g.*, *Florence v. Jackson*, No. 4:23-cv-110-CDL-MSH, 2023 WL 6142357, at *5 (M.D. Ga. Sept. 20, 2023) ("Plaintiff may or may not be innocent of the crimes with which she has been charged. Regardless, this Court may not interfere with her ongoing state criminal prosecution or grant her release from jail."); *Bennett v. Croft*, No. 1:06-cv-2912-CAM, 2007 WL 81825, at *2 (N.D. Ga. Jan. 4, 2007)

("[E]ven if Plaintiff were being deprived of the right to counsel, he has state court remedies available in his ongoing criminal proceedings, and this Court may not interfere in those proceedings except in exceptional circumstances, which do not appear to exist in this case."). Indeed, the petition fails to demonstrate that any aspect of Ms. Jarman's detention places her in a substantially different situation from any other pretrial detainee or otherwise merits relief. Thus, the Court cannot intervene at this time in Ms. Jarman's ongoing state proceeding.

*Younger* aside, Ms. Jarman fails to show that she has exhausted her state-court remedies. A federal district court may not grant a § 2241 petition "unless the petitioner has exhausted all available state remedies." *Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985); *see also Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 n.4 (11th Cir. 2004) (explaining that courts apply the exhaustion requirement to a state pretrial detainee's § 2241 petition). Remedies are not considered exhausted if any state procedures remain available to the petitioner. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489 (1973). In particular, the petitioner is required to pursue "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Because Ms. Jarman fails to establish that she has exhausted all available state-court remedies, her § 2241 petition must be dismissed for that reason as well.

Accordingly, it is **ORDERED** that:

1. The petition (Doc. 3) is **DISMISSED without prejudice**.
2. Ms. Jarman is **DENIED** a certificate of appealability because she cannot show "that jurists of reason would find it debatable whether the petition states a valid

claim of denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because Ms. Jarman is not entitled to a certificate of appealability, she is not entitled to appeal *in forma pauperis*.

3. The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, on February 8, 2024.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE